UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH ALLEN CLARK,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

CASE NO. 3:20-cv-05069-JLR-BAT

**REPORT AND RECOMMENDATION**

Petitioner Kenneth Allen Clark is a state prisoner who is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2015 Pierce County Superior Court conviction on charges of first- and second-degree assault, unlawful imprisonment, and felony harassment. Petitioner alleges speedy trial violations and ineffective assistance of counsel as grounds for federal habeas relief. Dkt. 4. Respondent contends that the petition should be dismissed as untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d). Dkt. 9. After careful review of the petition, opposition, petitioner's reply, and the balance of the record, the Court concludes that the federal habeas petition should be dismissed as untimely.

//

//

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY

In August 2014, following an altercation with his girlfriend, the State charged petitioner with first degree assault, second degree assault, unlawful imprisonment, and harassment. Dkt. 10, ex. 7 at 2. After determining that petitioner was not competent to stand trial, the trial court ordered petitioner transferred to Western State Hospital for treatment to regain competency; his transfer was delayed for 96 days due to a lack of available beds. Dkt. 10, ex. 7 at 3. In March 2015, the court determined that petitioner was competent to stand trial. Dkt. 10, ex 7 at 3. In August 2015, after a bench trial, the court convicted petitioner as charged. Dkt. 10, ex. 7 at 3.

Petitioner appealed. On January 17, 2017, the Washington State Court of Appeals affirmed the convictions but remanded the case for the trial court to evaluate petitioner's ability to pay certain legal financial obligations. Dkt. 10, ex. 7. Petitioner sought discretionary review in the Washington State Supreme Court, which denied review without comment on May 3, 2017. Dkt. 10, ex. 12. The Court of Appeals issued its mandate on July 21, 2017. Dkt. 10, ex. 13. On August 28, 2017, petitioner filed a pro se motion to recall the mandate. Dkt. 10, ex. 14. On November 28, 2015, the Court of Appeals denied the motion. Dkt. 10, ex. 15. Petitioner sought discretionary review of this ruling, and, on February 8, 2018, the Commissioner of the Supreme Court denied review. Dkt. 10, ex. 16, 17.

On July 19 and July 24, 2018, petitioner filed two pro se personal restraint petitions with the Court of Appeals; the court consolidated the petitions. Dkt. 10, ex. 18, 19, 21. On March 5, 2019, the Court of Appeals dismissed the petitions with prejudice. Dkt. 10, ex. 24. Petitioner sought discretionary review in the Supreme Court, which denied review on July 24, 2019. Dkt. 10, ex. 25, 26. Petitioner filed a motion to modify the ruling, which the Supreme Court denied on

1  October 3, 2019. Dkt. 10, ex. 27, 28. The Court of Appeals issued its certificate of finality on
2  October 22, 2019. Dkt. 10, ex. 29.

3  Petitioner filed this federal habeas corpus petition on January 27, 2020. Dkt. 1.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 536 U.S. 170, 181, 131 S. Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. Because the timeliness of petitioner's claims can be determined from the state court record, no evidentiary hearing is necessary.

## DISCUSSION

**A.    Statute of Limitations, 28 U.S.C. § 2244(d)**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Where a habeas petitioner seeks direct review by the highest state court but does not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court enters judgment, but on the date the time for seeking certiorari expires. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id*.

The Washington State Supreme Court denied petitioner's request for review on May 3, 2017. The time for seeking certiorari with the United States Supreme Court began to run the next day and expired 90 days later, on August 1, 2017. The 28 U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *see also Bowen,* 188 F.3d at 1159. On this the parties agree. Dkt. 4 at 33; Dkt. 9 at 12.

The parties disagree about when the statute of limitations was next tolled. Respondent asserts that the statute of limitations ran for 352 days, until petitioner filed the first of his personal restraint petitions in the Court of Appeals, on July 19, 2018. Dkt. 9 at 15. Petitioner argues that his motion to recall the mandate was a collateral challenge to his convictions that tolled the statute of limitations from the date he filed it, August 28, 2017, until the date the Supreme Court denied review, February 8, 2018. Dkt. 4 at 34-35.

As noted above, a properly filed state court application for post-conviction or collateral relief tolls the statute of limitations for the time the application remains pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The petitioner bears the burden of proving that the statute of limitations is tolled in his case. *Smith v. Dun*can, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005). Whether a petition is a properly filed application for post-conviction relief is a matter of state law. *Artuz v. Bennet*, 531 U.S. 4, 8 (2000).

Petitioner relies on *Hipskind v. Ryan*, Case No. CV-16-01713, 2018 WL 1173813 (March 6, 2018, D. Ariz.), to support his argument that the statute of limitations was tolled during the time his motion to recall the mandate was pending. In that case, the petitioner filed a motion to recall the mandate with the Arizona Court of Appeals. That court granted the motion and, after additional proceedings were concluded, later issued a second, final mandate. The U.S. District Court for the District of Arizona found that the limitation period began to run when the first mandate was issued and continued to run until the petitioner filed the motion to recall 28 days later. *Hipskind*, 2018 WL 1173813 at *3-4. The statute of limitations was tolled until the court issued the second mandate. *Id*.

The holding in *Hipskind* does not govern the outcome in this case for two reasons. First, the issue of whether a motion is a properly filed application for post-conviction relief is a matter of state law. *Hipskind* applied Arizona law, not Washington law. Plaintiff has not cited to Washington law demonstrating that a motion to recall the mandate is considered an application for post-conviction or collateral relief. Second, in *Hipskind*, the Arizona Court of Appeals granted the motion to recall the mandate and later issued a second and final mandate. Here, the Washington Court of Appeals denied petitioner's motion to recall the mandate and the Washington Supreme Court denied review of that ruling. The mandate in this case was never recalled. To the contrary, it remained in effect the entire time the motion was pending. This case is therefore not analogous to *Hipskind*.

Respondent asserts that under Washington law, collateral review is considered separate from the direct appeal process. Dkt. 9 at 13. Washington law defines a "collateral attack" as:

REPORT AND RECOMMENDATION - 5

> any form of postconviction relief other than a direct appeal. "Collateral attack" includes but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate a judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

Wash. Rev. Code § 10.70.090(2). This list does not include a motion to recall the mandate. Washington Rule of Appellate Procedure 12.9, which governs motions to recall the mandate, provides that an appellate court may recall the mandate to determine if the trial court has complied with a previous decision of the appellate court, to correct an inadvertent mistake, or to modify a decision obtained by fraud of a party or counsel in the appellate court. A motion to recall the mandate thus allows an appellate court to remedy errors in the direct appeal process. It does not provide an avenue for a separate attack on a judgment. Plaintiff has not shown that the motion to recall the mandate was a properly filed application for post-conviction relief under Washington law.

Accordingly, the Court concludes that the statute of limitations was not tolled during the time petitioner's motion to recall the mandate was pending. The Court finds that the limitations period began to run on August 2, 2017, the day after the time for seeking certiorari expired. The limitations period ran until petitioner filed his first personal restraint petition, on July 19, 2018, 351 days after his conviction became final. The limitation period was tolled until, at the very latest, October 22, 2019, when the Court of Appeals issued its certificate of finality on petitioner's PRPs. The statute of limitations began running again the following day, and petitioner's deadline for filing a federal habeas petitioner was 14 days later, on November 5, 2019. But petitioner did not file his federal habeas petition until January 27, 2020, 83 days after

REPORT AND RECOMMENDATION - 6

that date. Accordingly, petitioner's federal habeas petition is untimely and is therefore barred by 28 U.S.C. § 2244(d)(1).[1]

**B.     Equitable tolling**

AEDPA's one-year limitations period may be equitably tolled upon a showing that (1) the petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The inquiry sets a high bar, reserving equitable tolling for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner bears the burden of showing that this extraordinary exclusion should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner argues that he is entitled to equitable tolling because he pursued his rights diligently, as demonstrated by the fact that he filed his motion to recall the mandate 38 days after the Court of Appeals issued it, filed his PRPs less than six months after the final ruling on his motion to recall the mandate, and filed his federal habeas petition less than four months after the final ruling on his PRPs in state court. Dkt. 12 at 9. He also argues that the "obvious subterfuge

---

[1] Respondent notes that, in affirming petitioner's convictions on direct appeal, the Court of Appeals remanded the case for consideration of petitioner's ability to pay certain legal financial obligations. On September 21, 2017, the trial court issued an ex parte order to strike the fees imposed in the judgment. The order provided it was issued nunc pro tunc to September 25, 2015, the date of the judgment and sentence, and that all other terms and conditions of the judgment remained in effect. Respondent asserts that it could be argued that this order acted as an amended judgment and petitioner's conviction did not become "final" for purposes of AEDPA until the time for seeking review of this order had passed, on October 21, 2017, but, even if that date is used, petitioner's § 2254 petition is still untimely because a total of 368 days passed between that date and the date petitioner filed his federal habeas petitioner, excluding the time his PRPs were pending. Dkt. [XXX] at 16-17. The Court finds that it need not decide whether this order should be treated as an amended judgment because it would not affect the outcome in this case.

REPORT AND RECOMMENDATION - 7

of the Washington Courts to evade consideration of the Constitutional Violations in this case" resulted in the failure of those courts to apply relevant U.S. Supreme Court precedent to his case. *Id*. at 9-10. However, petitioner's decision to file a motion to recall the mandate and to not pursue collateral relief until after the Court of Appeals had denied the motion and the Supreme Court had denied review of that ruling does not constitute the sort of extraordinary circumstance beyond the petitioner's control that entitles him to equitable tolling.

Because petitioner filed his petition outside of the § 2254 statute of limitations period and is not entitled to equitable tolling of the limitations period, his petition is time-barred and should be denied without reaching the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2241(d)(1). This Court further recommends

that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Plaintiff should not file a notice of appeal with the Court of Appeals for the Ninth Circuit until the assigned District Judge enters judgment. Any objections to this Recommendation must be filed no later than **December 15, 2020**. The matter will be ready for the Court's consideration on **December 18, 2020** if no objections are filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of November 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9